IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-02303-PAB

CHAD THOMAS GROVES,

     Plaintiff,

v.

MARTIN O'MALLEY,[1] Commissioner of Social Security,

     Defendant.

---

## ORDER

---

This matter is before the Court on the Complaint [Docket No. 1] filed by plaintiff Chad Thomas Groves on September 8, 2023.  Mr. Groves seeks review of the final decision of defendant (the "Commissioner") denying his claim for disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383(c). *See id.* at 1-2.  The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).[2]

## I.  BACKGROUND

On April 22, 2020, Mr. Groves filed an application for disability insurance benefits under Title II of the Act.  R. at 17.  Mr. Groves alleged a disability onset date of April 22,

---

[1] Martin O'Malley was sworn into office as the Commissioner of the Social Security Administration on December 20, 2023.  *See Commissioner Martin O'Malley*, https://www.ssa.gov/agency/commissioner/.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner O'Malley will be substituted as the defendant.

[2] The Court has determined that it can resolve the issues presented in this matter without oral argument.

2020.  *Id.*  The Social Security Administration denied Mr. Groves' application on May 13, 2021, *id.*, and denied the application upon reconsideration on December 23, 2021.  *Id.*  Mr. Groves requested a hearing before an administrative law judge ("ALJ").  *Id.*  On February 8, 2023, the ALJ held a hearing by telephone due to the coronavirus pandemic.  R. at 17, 39.  Mr. Groves was represented at the hearing by attorney Allison Tyler.  R. at 17, 39.

On April 13, 2023, the ALJ issued a decision finding that Mr. Groves was not disabled, as defined in the Act, from April 22, 2020 to the date of the decision.  R. at 18, 32.  The ALJ found that Mr. Groves met the insured status requirements of the Act through September 30, 2024.  R. at 19.  The ALJ concluded that Mr. Groves had the following severe impairments: minor spondylosis, stenosis, spondylolisthesis, and degenerative disc disease of the lumbar spine with radiculopathy and post-laminectomy syndrome; stenosis and spondylosis of the cervical spine with radiculopathy; ulnar neuropathy/cubital tunnel syndrome of the right upper extremity; carpal tunnel syndrome of the right upper extremity; meralgia paresthetica of the bilateral lower extremities; coal worker's pneumoconiosis/other disorder of lung; umbilical hernia; and obesity.  R. at 20.  The ALJ found that Mr. Groves had the residual functional capacity ("RFC") to:

> perform a reduced range of sedentary work as defined in 20 CFR 404.1567(a).  The claimant can occasionally lift/carry 10 pounds and frequently lift/carry less than 10 pounds.  He can stand and/or walk 2 hours and sit 6 hours of an 8- hour workday, and he requires a cane for ambulation.  The claimant can never climb ladders, ropes, or scaffolds, and he can occasionally balance, stoop, kneel, crouch, crawl, or climb ramps and stairs.  He can frequently reach, handle, finger, feel, or operate hand controls with the right upper extremity.  He can tolerate no more than frequent exposure to extreme cold, vibration, or pulmonary irritants, and he can have no exposure to hazards, including unprotected heights.

R. at 23.  The ALJ found that Mr. Groves had been unable to perform his past relevant work.  R. at 30-31.  Based on the testimony of a vocational expert, the ALJ found that, given Mr. Groves' age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform, such as document preparer, addresser, charge account clerk, telephone quotation clerk, table spotter, order clerk, and final assembler.  R. at 31-32.  For these reasons, the ALJ concluded that Mr. Groves had not been under a disability, as defined in the Act, from April 22, 2020 to April 13, 2023.  R. at 32.

On July 24, 2023, the Appeals Council denied Mr. Groves' request for review of the ALJ's denial of his claim.  R. at 1-3.  Given the Appeals Council's denial, the ALJ's decision is the final decision of the Commissioner.

On December 18, 2023, Mr. Groves filed an opening brief in this appeal.  Docket No. 9.  On January 12, 2024, the Commissioner filed a response brief.  Docket No. 10.  On January 26, 2024, Mr. Groves replied.  Docket No. 11.

## II.  LEGAL STANDARD

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole.  *See Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003).  The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in his decision.  *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  Substantial evidence is "more than a mere scintilla," and "means only such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation and internal quotation omitted). "The threshold for such evidentiary sufficiency is not high." *Id.* However, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Covington v. Colvin*, 678 F. App'x 660, 663 (10th Cir. 2017) (unpublished) (quoting *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992)). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (citation omitted). Nevertheless, "[i]f the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Candelario v. Barnhart*, 166 F. App'x 379, 382 (10th Cir. 2006) (unpublished) (quoting *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993)).

When evaluating the persuasiveness of medical opinions and prior administrative findings, the "most important" factors that an ALJ considers are supportability and consistency. 20 C.F.R. § 404.1520c(a). Supportability refers to the relevance of "the objective medical evidence and supporting explanations presented by a medical source [ ] to support his or her medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 404.1520c(c)(1). Consistency refers to the degree to which a medical opinion or prior administrative medical finding is consistent with the evidence from other medical and nonmedical sources in the claim. 20 C.F.R. § 404.1520c(c)(2).

## III.    THE FIVE-STEP EVALUATION PROCESS

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy.  42 U.S.C. §§ 423(d)(1)-(2).  Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).  The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled.  20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).  The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. §§ 404.1520(b)–(f)).  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).  The claimant has the initial burden of establishing a case of disability.  However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to

perform other work in the national economy in view of her age, education, and work experience." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan*, 924 F.2d 972, 974 (10th Cir. 1991).

## IV.   DISCUSSION

Mr. Groves argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to "properly evaluate the medical opinion of Melissa Strike, D.O." or "provide valid reasons for rejecting Plaintiff's testimony." Docket No. 9 at 3.

### A.   Medical Opinion of Dr. Strike

The ALJ found the February 2023 opinion of Dr. Strike unpersuasive. R. at 29. Dr. Strike opined that Mr. Groves is unable to be in a single position for more than 30 minutes, lift more than 5 pounds, or bend/twist without severe pain. R. at 827-28. The ALJ found this opinion "not well supported or consistent with the evidence as a whole," and stated that Dr. Strike's records "contradict this opinion, as they note the claimant to regularly be able to engage in activities of daily living." R. at 30 (citing R. at 505, 825). The ALJ also stated that "Dr. Strike noted only a single mention of sitting difficulties" and that Mr. Groves walks for one to two miles after his back surgery. *Id.* (citing R. at 497, 503, 511). In addition to noting inconsistencies between Dr. Strike's opinion and her records, the ALJ stated that other records "reflect good ability to engage in activities of daily living" and found that there is "nothing in the record to support a five-pound lifting limitation." *Id.* (citing R. at 555, 627, 630-31, 650, 658).

Mr. Groves argues that the ALJ "performed a flawed analysis of the supportability of Dr. Strike's medical opinion."  Docket No. 9 at 13.  Mr. Groves states that, in the summary of evidence, the ALJ "discussed some of Plaintiff's report of symptoms at medical visits, but declined to cite the objective findings present during examinations." *Id.*  Mr. Groves identifies a number of physical examination findings in the record that the ALJ does not cite and argues that the ALJ had an obligation to consider them, particularly since the ALJ concluded that Dr. Strike's clinical records did not support her February 2023 opinion.  *Id.*  Similarly, Mr. Groves argues that the ALJ did not discuss favorable records supporting Dr. Strike's opinion concerning Mr. Groves' ability to walk. *Id.* at 15-16.  However, an "ALJ is not required to discuss every piece of evidence" in the administrative record.  *Wall v. Astrue*, 561 F.3d 1048, 1067 (10th Cir. 2009) (quotation and citation omitted).

Although ALJ did not mention in his opinion each medical record that he reviewed, he reached his determination as to Mr. Groves' RFC after "[v]iewing the record in its entirety" and "consider[ing] the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR 404.1520c."  R. at 23, 30.  The ALJ's opinion includes more than five single-spaced pages discussing Mr. Groves' medical records spanning from December 2019 to February 2023, R. at 24-29, citing objective and subjective findings made by various medical professionals.  *See, e.g.*, R. at 24 (discussing the results of x-rays taken in December 2019) (citing R. at 344); R. at 25 (noting that Mr. Groves told Dr. Strike in May 2020 that he did not feel that physical therapy had helped his pain) (citing R. at 559); R. at 27 (discussing objective and subjective findings of Thomas Stephen Ridder, M.D. during December

2021 appointment).  Therefore, the Court rejects the argument that the ALJ erred by failing to discuss the records identified by Mr. Groves.

Mr. Groves also argues that the ALJ should not have concluded that Dr. Strike's opinion was unsupported because it conflicted with Dr. Strike's clinical records that Mr. Groves was able to engage in activities of daily living.  Docket No. 9 at 14; *see* R. at 30.  Mr. Groves argues that "[a]lmost every office visit by Dr. Strike noted that Plaintiff was '[i]ndependent with ADLs but occasionally needs help with socks due to pain.'  However, since these notations never changed and were similar both before and after his October 2020 surgery, they should not be viewed as probative evidence.  Rather, more emphasis should be placed on the statements provided by Plaintiff during each office visit, which supported his ongoing pain and difficulty with functioning."  Docket No. 9 at 14 (citations omitted).  The argument that the notations should not be viewed as probative and that more emphasis should be placed on Mr. Groves' statements during his office visits asks the Court to reweigh evidence, which it will not do.  *See Flaherty,* 515 F.3d at 1070.

Finally, Mr. Groves argues that the ALJ's finding that there is "nothing in the record to support a 5 pound lifting limitation" is not supported by substantial evidence in the record.  Docket No. 9 at 14 (quoting R. at 30).  Mr. Groves argues that the ALJ's finding conflicts with the following record evidence:

> Dr. Strike cited in her treatment records that an MRI of the cervical spine dated December 6, 2021, revealed severe right C4-C5 foraminal stenosis.  Dr. Strike also noted in her records that Plaintiff underwent a nerve conduction/EMG which showed a very mild median mononeuropathy at the right wrist, mild ulnar neuropathy at the right elbow and a mild chronic right C5 radiculopathy without active denervation, and that Plaintiff is planning on a cervical injection. And, on April 21, 2022, Dr. Kluk observed

a positive Tinel at the cubital tunnel in Plaintiff's dominant right hand,
along with subjectively decreased sensation in the ulnar nerve distribution.

*Id.* at 14-15 (citing R. at 703, 749, 754).  However, Mr. Groves does not explain why
these medical records support a five-pound lifting limitation.  Moreover, Mr. Groves
does not explain why these records do not support the ALJ's finding that Mr. Groves
has a RFC to "occasionally lift/carry 10 pounds and frequently lift/carry less than 10
pounds."  *See* R. at 23.  Therefore, even if the ALJ erred in concluding that nothing in
the record supports a five-pound lifting limitation, Mr. Groves has failed to demonstrate
that the ten-pound lifting limitation that the ALJ included in the RFC is not supported by
substantial evidence in the record.

### B.  Mr. Groves' Testimony

The framework for an ALJ to evaluate a claimant's statements about his
symptoms is explained in 20 C.F.R. § 404.1529(c)(4):

> We will consider your statements about the intensity, persistence, and limiting
> effects of your symptoms, and we will evaluate your statements in relation to the
> objective medical evidence and other evidence, in reaching a conclusion as to
> whether you are disabled.  *We will consider whether there are any
> inconsistencies in the evidence and the extent to which there are any conflicts
> between your statements and the rest of the evidence*, including your history, the
> signs and laboratory findings, and statements by your medical sources or other
> persons about how your symptoms affect you.

20 C.F.R. § 404.1529(c)(4) (emphasis added); *see also Luthy v. Saul*, No. 17-cv-2206-
PAB, 2020 WL 6938300, at *6 (D. Colo. Nov. 25, 2020).  "[I]f an individual's statements
about the intensity, persistence, and limiting effects of symptoms are inconsistent with
the objective medical evidence and the other evidence, we will determine that the
individual's symptoms are less likely to reduce his or her capacities to perform work-
related activities or abilities to function independently, appropriately, and effectively in

an age-appropriate manner." *Luthy*, 2020 WL 6938300, at *6 (quoting SSR 16-3p, 2016 WL 1119029, at *7 (Mar. 16, 2016)).  An ALJ should consider the following factors relevant to a claimant's symptoms: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms.  *Id*. (citing 20 C.F.R. § 404.1529(c)(3)).

The Court's review of the ALJ's credibility determination is guided by two principles.  First, "[c]redibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence."  *Id*. at *7 (quoting *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)).  Second, "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."  *Id*. (quoting *Kepler*, 68 F.3d at 391).

At the February 8, 2023 hearing, Mr. Groves testified that he is unable to sit or stand for long periods of time, that he has difficulty bending, that he requires a cane for standing and walking, and that he has difficulty using his right hand.  R. at 53-59.  Mr. Groves' function report states that he cannot stand or sit for long periods, walk without his cane for long distances, or lift or bend without a lot of pain.  R. at 272.  The ALJ's decision states that Mr. Groves' "statements concerning the intensity, persistence and limiting effects of [his alleged] symptoms are not entirely consistent with the medical

evidence and other evidence in the record for the reasons explained in this decision."
R. at 24.

Mr. Groves argues that the ALJ "failed to properly articulate why Plaintiff's testimony as to his symptoms are [sic] not consistent with the record." Docket No. 9 at 8. Mr. Groves states that some of the medical records cited by the ALJ are supportive of his testimony and claims that the ALJ "did not explain how the medical records or other evidence is inconsistent with Plaintiff's testimony."[3] *Id.* He also argues that the ALJ "failed to identify any specific activities that are inconsistent with Plaintiff's testimony." *Id.* at 10. However, an ALJ is not required to "make a formalistic factor-by-factor recitation of the evidence" so long as he "sets forth the specific evidence he relies on in evaluating the claimant's credibility." *Orso v. Colvin*, 658 F. App'x 418, 421 (10th Cir. 2016) (unpublished) (quoting *Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012)). Here, the ALJ analyzed the findings of Mr. Groves' physical exams for over five pages, discussing Mr. Groves' diagnoses, treatment, and reported activities in detail. R at 24-29. Because the ALJ set forth the specific evidence he relied on in evaluating whether Mr. Groves' testimony was consistent with the record, the Court finds that the ALJ's determination—that Mr. Groves' statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record—is supported by substantial evidence. *See Dolan v. Kijakazi*, No. 22-cv-01469-PAB, 2023 WL 8185927, at *4 (D.

---

[3] Mr. Groves also identifies medical records he claims support his testimony that the ALJ did not cite and argues that the ALJ erred by failing to discuss these records. Docket No. 9 at 8-10. However, as stated above, an "ALJ is not required to discuss every piece of evidence" in the administrative record. *Wall*, 561 F.3d at 1067.

Colo. Nov. 27, 2023) (upholding ALJ's determination that plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were inconsistent with medical evidence where the ALJ "analyzed the findings of [plaintiff's] physical exams and mental exams for several pages").

## V.   CONCLUSION

Therefore, it is

**ORDERED** that the decision of the Commissioner that plaintiff is not disabled is **AFFIRMED**.  It is further

**ORDERED** that this case is closed.


DATED September 9, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge